(44 Misc. Rep. 530.)

## LORD v. LORD et al.

### (Supreme Court, Special Term, New York County. July, 1904.)

**1. WILLS—VALIDITY—CHARITABLE BEQUEST—DOWER.**

The value of the widow's dower interest should be deducted from the gross value of a decedent's estate, unless she has elected to accept a provision of the will in lieu of dower, in order to determine whether a testator has devised more than one-half of his estate to charity, in contravention of Laws 1860, p. 607, c. 360; and the release of the right of dower will date back to the testator's death, when no deduction of the widow's interest from the gross estate will be made.

**2. SAME—VALUE OF ESTATE.**

Testator gave to certain charities his estate in remainder in a trust fund, using words of bequest. The title in the fund was in a trust company for the life of a beneficiary living at the time of testator's death, with a provision that on the death of the life beneficiary the principal should revert to testator, if living, or, if he should die, to such person as he should by will direct. *Held*, that the charities took the fund, not as devisees under the will, but as appointees under the deed of trust, and, in determining the proportion of testator's estate devised to charities, the value of the estate in remainder should not be considered.

**3. SAME—INVALID PROVISION.**

Where a trust in testator's will is invalid, but the purpose of testator, so far as it is valid, can be carried out by expunging the trust and accelerating the estate in remainder, it will be done.

---

¶ 3. See Wills, vol. 49, Cent. Dig. §§ 992, 993.

4. SAME—WHO MAY QUESTION VALIDITY.

 A residuary legatee who claims that testator has given more than half of his estate to charity, in violation of the statute, has no standing to dispute the validity of a trust in which the testator was interested, when the residuary estate would not in any way be augmented by a decision in relation to such trust.

Action by Joseph E. P. Lord against Julia Lord, individually and as executrix of Benjamin Lord, and others, to construe a will. Judgment rendered.

J. Aspinwall Hodge (Charles M. Demond and Walter S. Logan, of counsel), for plaintiff.

Reuben Leslie Maynard, for defendant Julia Lord.

Allen & Sabine, for defendant Board of Foreign Missions of the Reformed Episcopal Church and others.

SCOTT, J. The plaintiff, as one of the next of kin and a residuary legatee under the will of his father, Benjamin Lord, deceased, brings this action for the ostensible purpose of obtaining a judicial construction of the will. A number of the defendants have, by their answers, raised the objection that the plaintiff cannot maintain the action at all, and the question is not wholly free from doubt; but, since the defendants generally seem to desire that the questions raised be determined in this action, it seems best that a decision thereon be rendered, as further litigation may thereby be avoided. The real purpose of the action is to obtain an adjudication that some of the bequests are void, in whole or in part, to the end that the residuary estate in which plaintiff is interested may be enhanced. The will itself is singularly clear and unambiguous, and suggests little or no question as to the testator's intentions respecting the disposition of his property.

The plaintiff's main contention is that the testator has undertaken to devise more than one-half of his devisable estate to charity, in contravention of the statute (chapter 360, p. 607, Laws 1860), and this contention involves several questions which it is necessary to discuss. The first relates to the dower right of the defendant Julia Lord, the testator's widow. The value of the testator's real estate at the time of his death was $65,000, and the value of the widow's dower is found to be $7,-080.66. The will made provision for the widow in lieu of dower, and she has elected to accept the provision thus made, and thereby has released her claim to dower. The provision thus made for the widow consisted of the creation of a trust for her benefit during her life, with remainder over to certain charities. The plaintiff contends that, in estimating the testator's devisable estate, the value of the dower must be deducted from the gross estate, but that, in estimating the amounts actually bequeathed, the sum given in lieu of dower must be taken into account. It is unquestionably true, as a general proposition, that, in determining how much a testator may lawfully give to charities, the value of the widow's dower must be deducted from the gross value of the estate, because at the time of death the dower right is the property of the widow and not of the testator, and is therefore not devisable. Chamberlain v. Chamberlain, 43 N. Y. 424. Dower is, however, a right

or interest in the testator's real estate which may be released by the widow; and it is deemed to be released when she accepts a provision made for her by the will, and therein declared to be given in lieu of dower. In the case just cited the rule was applied where the widow refused to accept the provision made for her in the will, and insisted upon her right of dower. In the present case Mrs. Lord has, by acception of the provision of the will, released to the estate her right of dower, and this release must be held to date back to the testator's death. The reason for the rule that the value of the dower must be excluded in estimating the amount of the devisable estate therefore disappears, and the rule itself is rendered inapplicable, and the question must be considered as if the whole estate left by the testator, excluding his debts, but including the value of the widow's dower, was disposed of by the will.

The next claim made by the plaintiff is that the estate disposed of by the will should be held to include a sum of $6,159.45, being the estimated value of the remainder in a fund of $11,000 in which the plaintiff has a life interest. It appears that in the year 1896 an action was pending in this court between the plaintiff and the testator, his father. A compromise agreement was arrived at, under which plaintiff was paid a considerable sum in cash; and his father agreed to place in trust with the United States Trust Company, for the benefit of plaintiff, the further sum of $11,000, to be invested in specified securities, and the income thereupon to be paid to plaintiff during his lifetime. It was also agreed that if plaintiff should ever thereafter ask, claim, or demand any further financial aid or support from his father, the trust fund should revert to the decedent or his estate. It is not shown that this contingency ever arose. The trust deed was accordingly made, and the legal ownership of the fund and of the securities in which it was to be invested was vested in the trust company for the lifetime of plaintiff, with a provision that upon his death the principal should revert to the testator, if living, or, if he should have previously died, to such person or persons as he should by his will direct. He has by his will named certain charitable organizations to receive the principal of this trust fund upon plaintiff's death. It is true that in making this designation the testator uses words of bequest, but notwithstanding that fact I am of the opinion that the organizations named will take the fund, not as devisees under the will but as ap-pointees under the deed of trust. It seems to be quite clear that no property or title whatever in the $11,000, or the securities in which it was invested, remained in the testator after he had made the trust deed. All that he retained was a contingent right to a reverter, but, as the contingency did not happen, the title never reverted. Hence at the time of his death he owned nothing in the fund which he could devise. The case upon this point is not to be distinguished in principle from Genet v. Hunt, 113 N. Y. 158, 29 N. E. 91. It follows that the estimated value of the remainder in this trust fund should not be included in the testator's devisable estate, nor are the amounts to be paid to testator's appointees upon the death of the plaintiff to be treated or considered as bequests to charity.

The plaintiff suggests in his complaint, and insistently argues upon his brief, that the eighth clause of the will is invalid. That clause, after reciting the fact that to carry out the provisions of the will must necessarily impose upon the executors and trustees an unusual measure of care, labor, and responsibility, expresses the testator's desire to provide additional compensation for them, and, to that end, gives them in trust $10,000 to be invested by said executors and trustees, who are directed to pay over the income thereof to themselves "or the survivor or survivors of them in equal parts or portions during the full period required for the complete execution and fulfillment of the various provisions of this my last will and testament." It is further provided that, when the estate shall have been finally wound up, the fund shall be divided between, and paid over to, certain charitable institutions. All or nearly all of the defendants undertake to uphold this provision, and they suggest a number of ingenious and more or less plausible theories upon which the trust can be sustained. The defendants who are to receive the reversion of the fund raise no question as to the validity of the antecedent trust, and, unless the plaintiff can in some way be benefited by a determination that the trust is unlawful, it is not necessary in this action to pass upon its validity. In my opinion, he cannot be so benefited. It is the well-settled and firmly established rule in this state that, if the invalid portions of an attempted bequest or devise can be expunged without essentially changing or destroying the general testamentary scheme, the valid parts of the will should be upheld. Kalish v. Kalish, 166 N. Y. 377, 59 N. E. 917; Smith v. Chesebrough, 176 N. Y. 317, 68 N. E. 625. Such a condition is presented where, as in the present case, the trust which is or is alleged to be invalid bears no relation to the ultimate and concededly valid disposition of the principal, except that the latter is to await the determination of the former. If the trust be expunged, the purpose of the testator, so far as it is lawful, can still be carried out by accelerating the remainder; and this, in my opinion, would be the only effect of an adjudication that the trust attempted to be created by the eighth clause of the will is invalid. In this view, since the principal will in no event go to the augmentation of the residuary estate, the plaintiff has no interest in the validity or invalidity of the trust, and has no standing to ask an adjudication thereon. Without attempting to make a calculation in this opinion, it is sufficient to say that under the disposition herein made of the disputed question of law, and upon the evidence, it will appear upon a computation that the testator did not leave more than one-half of his devisable estate to charities. It follows that, since plaintiff has failed to sustain any contention from which he could derive any benefit, his complaint must be dismissed. It seems to be reasonably clear that, if the testator had devised too much of his estate to charities, the excess would have had to be deducted from those charitable institutions named in the residuary clause, to whom was bequeathed one-half of the residuum. These were the only defendants, therefore, to be affected by the result of the action, if the plaintiff had succeeded, since the utmost excess of charitable bequests claimed to have been made would not have amounted to a sum equal to one-half of the residuary estate. The defendant Georgie L. Buckley, while not joining with plaintiff in his attack upon

the will, did not seriously combat his claims, and would have been a gainer if he had succeeded. The same is true of the defendant Benjamin Lord Buckley. Only the executor and the several charitable institutions named in the residuary clause who separately appeared and answered will therefore be awarded costs against the plaintiff.

Judgment accordingly.